69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Andres GONZALEZ, Defendant-Appellant.
 No. 94-6503.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1995.
 
 Before: MERRITT, Chief Judge, KENNEDY, Circuit Judge; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant appeals the District Court's denial of his motion to suppress evidence of 830 pounds of marijuana found in a motor home he was driving. Defendant contends that the stop, detention, and search that produced the evidence violated the Fourth Amendment. For the reasons set forth below, we affirm.
 
 I.
 
 2
 On November 3, 1993, Officer Mark Kellerhall, a deputy sheriff with the Shelby County Sheriff's Office, observed a motor home weaving over the left and right hand lane markers on Interstate 40 in Tennessee. Other traffic had to take precautionary measures to avoid the swerving motor home. After observing the defendant's erratic driving for approximately one mile, Officer Kellerhall pulled the vehicle over.
 
 
 3
 Approaching the right side of the vehicle to avoid traffic, Officer Kellerhall asked the passenger, Emily Vita, to roll down the window. After Vita rolled the window down less than two inches, Officer Kellerhall asked her to roll down the window further so that he could speak with her. When Vita rolled down the window completely, Officer Kellerhall immediately smelled raw marijuana.
 
 
 4
 Officer Kellerhall asked the driver, defendant Luis Gonzalez, to come to the rear of the motor home with his license. After making various inquiries, Officer Kellerhall told defendant that he had been stopped for impeding traffic and causing a danger to other cars. Officer Kellerhall asked defendant to sit in the back of the squad car, and began to run computer checks on defendant's license as well as calling for backup.
 
 
 5
 Officer Kellerhall returned to the passenger side of the motor home to obtain the vehicle's registration. When Vita rolled down the window to hand Officer Kellerhall the papers, the officer again smelled the odor of raw marijuana. He asked Vita if she was defendant's wife. Vita explained that she was just a friend and that she had been asked to take a drive to Arizona.
 
 
 6
 Officer Kellerhall returned to the squad car and asked defendant for permission to search the motor home. After receiving oral consent, Officer Kellerhall also had defendant sign a written consent form that had versions printed in both English and Spanish. Officer Kellerhall gave defendant a courtesy warning for impeding traffic and straddling lanes. Officer Kellerhall and backup officers who had by then arrived on the scene searched the motor home, finding 830 pounds of marijuana packaged and stuffed throughout the vehicle. Defendant and Vita were subsequently arrested. Defendant filed a motion to suppress the evidence of marijuana.
 
 
 7
 The District Court referred defendant's motion to suppress to a magistrate judge. The magistrate judge found that Officer Kellerhall was justified in stopping the weaving motor home and that defendant's consent to search was voluntary. The magistrate judge recommended that the evidence be suppressed, however, on the grounds that Officer Kellerhall had no reasonable suspicion to detain defendant longer than was necessary to run a computer check and write a citation, and that the consent obtained after that period was tainted by an illegal detention. The United States objected to the portion of the report that found the detention illegal, arguing that Officer Kellerhall had reasonable suspicion to detain defendant based on the smell of the marijuana. The District Court accepted the magistrate judge's statements of the evidence and his findings that the stop was legal and that defendant's consent to search was voluntary. However, the District Court rejected the magistrate judge's finding that defendant's consent was tainted by an illegal detention. Specifically, the District Court found that Officer Kellerhall's uncontroverted testimony about smelling the marijuana established that the officer had reasonable suspicion to detain defendant, thus rendering the defendant's consent to search the motor home, which was given during the detention, effective. The District Court found in the alternative that Officer Kellerhall did not need consent because he had probable cause to search the motor home after smelling the marijuana. Defendant appeals the District Court's decision denying his motion to suppress.
 
 II.
 
 8
 Defendant contends that the District Court erred in denying his motion to suppress the marijuana because the car was only weaving. Defendant further claims that the District Court erred in finding that Officer Kellerhall had reasonable grounds to detain him after smelling marijuana. Finally, defendant claims that the District Court erred because he did not voluntarily consent to having the motor home searched. We review the District Court's determinations as to the legality of the stop and whether the facts amount to probable cause to search the motor home de novo. United States v. Garza, 10 F.3d 1241, 1245 (6th Cir.1993). However, "[w]e must accept the findings of fact upon which the district court relied in dealing with suppression of evidence unless those findings are clearly erroneous." Id.
 
 A.
 
 9
 Defendant contends that Officer Kellerhall lacked probable cause to stop the motor home because the defendant was merely weaving. As a preliminary matter, the defendant's failure to object to the magistrate judge's finding that the stop was legal arguably constitutes a waiver of his right to appeal this issue. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 10
 Even if the defendant did not waive his right to appeal, the District Court could reasonably find that Officer Kellerhall had probable cause to stop the motor home after watching it weave outside its lane and disrupt traffic. United States v. French, 974 F.2d 687, 691 (6th Cir.1992) (officer who "witnessed the truck weaving on the road ... clearly had a legitimate basis on which to stop the truck"), cert. denied, 113 S.Ct. 1012 (1993).
 
 B.
 
 11
 Defendant further claims that Officer Kellerhall lacked reasonable suspicion to detain defendant. To detain a suspect, an officer must have a "particularized and objective basis for suspecting the particular person stopped of criminal activity." United States v. Cortez, 449 U.S. 411, 417 (1981), accord United States v. French, 974 F.2d at 692 (reasonable suspicion to detain and investigate if officer smells raw marijuana).
 
 
 12
 The magistrate judge found that Officer Kellerhall lacked reasonable suspicion to detain defendant based on the smell of the marijuana. The magistrate judge based his decision on his own determination that the marijuana, when present in his courtroom, did not emit a sufficiently strong odor for Officer Kellerhall to have smelled it in the motor home. As the District Court correctly noted, the relevant question was not whether the marijuana exuded a strong odor in the magistrate judge's courtroom, but, rather, whether Officer Kellerhall's uncontroverted testimony that he smelled the marijuana in the motor home on November 3, 1993 was credible. The district judge noted that she had no difficulty smelling the marijuana which was also brought to her courtroom. The District Court's determination that Officer Kellerhall smelled the odor of marijuana in the motor home that day was not clearly erroneous. The District Court was thus justified in rejecting the magistrate judge's finding.
 
 C.
 
 13
 Finally, defendant argues that his consent to the search of the motor home was involuntary.
 
 
 14
 As the District Court noted in a footnote, we need not decide the question of whether the consent was voluntary. Once Officer Kellerhall smelled the odor of the marijuana coming from the motor home, he had probable cause to search that vehicle. Garza, 10 F.3d at 1246. Possessing probable cause, Officer Kellerhall needed neither consent nor a warrant to search the motor home. Carroll v. United States, 267 U.S. 132 (1925); United States v. Barrett, 890 F.2d 855, 862 (6th Cir.1989).
 
 III.
 
 15
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation